UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUFUS GIBSON; JOHNNY EFFINGER, JR.,** )<br>)<br>Plaintiffs,       )<br>)<br>vs.              )<br>)<br>**HARSCO CORPORATION,**     )<br>)<br>Defendant.        ) | <br><br><br><br><br>CASE NO. 2:15-CV-0166-SLB |

### MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Settlement. (Doc. 24.) For the reasons set forth below, the court find the parties' Joint Motion is due to be granted and this matter is due to be dismissed with prejudice.

Plaintiffs allege defendant violated the Fair Labor Standards Act [FLSA] by failing to pay them overtime wages for all hours worked in excess of forty hours per week. Specifically, they allege:

> 17. Plaintiffs performed work for the benefit of Defendant before the beginning of their shift[,] performing mandatory job functions in order to be ready by shift start time[,] for which they were not paid . . . .
>
> 18. Plaintiffs performed work for the benefit of Defendant after the end of their scheduled work shift[,] wrapping up their job duties[,] for which they were not paid . . . .
>
> 19. Defendant paid Plaintiffs for their scheduled hours as opposed to hours actually worked.

(Doc. 15 ¶¶ 17-19.)

>The court notes:
>
>[T]he FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).
>
>The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").
>
>In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

According to terms of the parties' Joint Motion, plaintiffs' claims for unpaid overtime wages were not compromised by the settlement as plaintiffs have been paid their "full back pay and full liquidated damages." (Doc. 24 ¶¶ 2-4.) The amount of attorneys' fees "did not go to lessen the amount received by the Plaintiffs. (*Id*. ¶ 5.) The Settlement Agreement contains a release of plaintiffs' FLSA claims against defendant that were "asserted or that could or should have been asserted in [this] Action." (Doc. 24-1 at 3-4.)

The court finds that plaintiffs' claims represent a bona fide dispute, namely the amount of their unpaid overtime wages, if any. Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion for Approval of Settlement, (doc. 24), and dismissing this case will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 8th day of October, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE